JS 44 (Rev. 12/07) (CAND Rev 1/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
$66,000 in United States Currency

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Patricia J. Kenney, AUSA
450 Golden Gate Avenue, 11th Floor
San Francisco, CA 94102
415-436-7303

Attorneys (If Known)

10 5408 MEJ

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | | [ ] 365 Personal Injury — Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [X] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 31, United States Code, Sections 5324(a)(1) and (3), Title 31, United States Code, Section 5317(c)(2)

Brief description of cause:
Civil Forfeiture

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE   [ ] EUREKA

DATE 11/29/10
SIGNATURE OF ATTORNEY OF RECORD
Patricia J. Kenney

**ORIGINAL**

MELINDA HAAG (CSBN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Acting Criminal Chief, Criminal Division

PATRICIA J. KENNEY (CSBN 130238)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: 415.436.6857
Facsimile: 415.436.6748

Attorneys for the United States of America

FILED
2010 NOV 29 P 3:56
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

$66,000 IN UNITED STATES CURRENCY,

    Defendant.

No. CV 10-5408 MEJ

COMPLAINT FOR FORFEITURE

## NATURE OF THE ACTION

1. This is a judicial forfeiture action involving the seizure of $66,000 in United States currency, by consent, during the execution of a search warrant at the residence of Muzaffar Hussain at 3863 Antonini Way in Pleasanton, California. The seizure and forfeiture are authorized by 31 U.S.C. § 5324(a)(1) and (3), 31 U.S.C. § 5317(c)(2) and 18 U.S.C. § 984.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355, and 31 U.S.C. § 5317(c)(2).

3. Venue in this Court is proper because defendant $66,000 in United States Currency was seized in Pleasanton, California which is in the Northern District of California. 28 U.S.C. §§ 1355(b) and 1395.

4. The intra-district venue is proper in the San Francisco Division within the Northern District of California.

## PARTIES

5. Plaintiff is the United States of America.

6. Defendant is $66,000 in United States Currency.

## STATUTORY FRAMEWORK

7. The Banking Secrecy Act ("BSA") and its implementing regulations require, among other things, that domestic financial institutions file a currency transaction report ("CTR") for each cash transaction that occurs at that institution in an amount greater than $10,000. 31 U.S.C. § 5313 and 31 C.F.R. Part 103. A "transaction in currency" encompasses "the payment, receipt, or transfer of United States coins or currency" through a "deposit, withdrawal, exchange of currency or other payment or transfer by, through, or to such a financial institution," and such a transaction triggers a reporting requirement. 31 U.S.C. § 5313(a); 31 C.F.R. § 103.22(b). CTRs are filed with Financial Crimes Enforcement Network ("FinCEN") on forms that require, among other things, the identity of the individual conducting the transaction and the individual or organization on whose behalf the

///

Complaint for Forfeiture
No. C 10- 2

transaction was completed. *See* FinCEN Form 104. CTRs filed under 31 C.F.R. § 103.22 must be filed with the Commissioner of Internal Revenue. 31 C.F.R. § 103.27(a)(4).

8. To prove a violation of 31 U.S.C. § 5324(a)(1), the government must prove that a defendant caused, or attempted to cause, a domestic financial institution to fail to file a report required by 31 U.S.C. § 5313(a). That section provides for the filing of a CTR regarding a transaction involving currency, as prescribed by regulation. The regulations, 31 C.F.R. Part 103, require domestic financial institutions to file a report within 15 days of a transaction concerning the deposit, withdrawal, exchange, other payment or transfer of currency in excess of $10,000 by, through or to such financial institution. 31 C.F.R. § 103.22. A bank is a financial institution. 31 C.F.R. § 103.11(n). A bank's duty to file a CTR only arises when a person engages in a cash transaction of more than $10,000, or multiple cash transactions the aggregate of which is more than $10,000, in a single day. *See United States v. Phipps,* 81 F.3d 1056, 1061 (11th Cir. 1996). When a person makes multiple deposits or withdrawals on a day at the same bank, or at different branches of the same bank, all under $10,000 but the aggregate exceeds $10,000, that person is causing or attempting to cause the bank to fail to file a CTR. Thus, same day withdrawals, each under $10,000 but aggregating more than $10,000 violates 31 U.S.C. § 5324(a)(1).

9. To prove a violation of 31 U.S.C. 5324(a)(3), the government must prove that a defendant structured, or assisted in structuring, or attempted to structure any transaction with one or more domestic financial institutions, for the purpose of evading the reporting requirements of 31 U.S.C. § 5313(a). For structuring charges, the transactions need not exceed $10,000 at any single financial institution on any single day. The government must show that defendant intended to structure deposits or withdrawals, but need not show that the defendant knew that attempting to avoid the reporting requirement was illegal. 31 U.S.C. § 5324(a)(3); 31 C.F.R. § 103.11(gg); *United States v. Pang,* 362 F.3d 1187 (9th Cir. 2004).

10. Any property involved in or traceable to a violation of 31 U.S.C. § 5324 is subject to forfeiture under 31 U.S.C. § 5317(c)(2). In any forfeiture action in which the subject property is cash and brought within a year of the offense involved, it is not necessary for the United States to

Complaint for Forfeiture
No. C 10-                                                    3

identify the specific property involved in the offense that is the basis for the forfeiture or directly trace property involved in the offense to the property seized. 18 U.S.C. § 984.

FACTS

11. Bank of America account number X-04886 is in the name of Crossroads Home Health Care & Hospice, Inc. ("Crossroads"), and Muzaffar Hussain is an authorized signatory. Records from the Secretary of the State of California list Muzaffar Hussain as the Chief Executive Officer, Secretary, Chief Financial Officer, Director and Agent for Service of Process for Crossroads.

12. Bank of America account number X-10960 is held in the name of Sunshine Home Health Care, Inc. ("Sunshine"), and Muzaffar Hussain is an authorized signatory. Records from the Secretary of the State of California list Muzaffar Hussain as the Chief Executive Officer, Secretary, Chief Financial Officer, Director and Agent for Service of Process for Sunshine.

13. On the statements for Bank of America account number X-66596 is the name Sunshine Homecare and Hospice ("Sunshine H&H"), but checks on that account which are signed by Muzaffar Hussain and drawn on that account bear the name Sunshine Home Health Care and Hospice of Butte County. Records from the Secretary of the State of California show Sunshine Homecare and Hospice of Butte County was suspended as of November 21, 2007.

14. A review of the bank records for the three Bank of America accounts identified in paragraphs 11 through 13 reflect a number of incidents of structuring involving the withdrawal of a total of $113,000 in cash from those three accounts for the period of March through May 2010. Specifically, a total of $39,700 in structured cash withdrawals was made from Crossroads BofA account number X-4886; a total of $24,800 in structured cash withdrawals was made from Sunshine BofA account number X-10960; and a total of $48,500 in structured cash withdrawals was made from Sunshine H&H BofA account number X-66596. Table 1 below reflects the structured withdrawals which violate 31 U.S.C. § 5324(a)(1) and/or (a)(3):

///
///
///

Complaint for Forfeiture
No. C 10-                             4

Table 1

Summary of Structured Cash Withdrawals from March 1, 2010 through May 31, 2010

| Date Posted | Crossroads X-04886 | Sunshine X-10960 | Sunshine Butte X-66596 | Total Structured |
|---|---|---|---|---|
| 3/8/2010 | $ 3,000.00 | | | $ 3,000.00 |
| 3/8/2010 | | | $ 4,000.00 | $ 4,000.00 |
| 3/8/2010 | | $ 2,900.00 | | $ 2,900.00 |
| 3/18/2010 | | $ 2,900.00 | | $ 2,900.00 |
| 3/18/2010 | | $ 2,900.00 | | $ 2,900.00 |
| 3/19/2010 | | | $ 9,000.00 | $ 9,000.00 |
| 3/19/2010 | $ 900.00 | | | $ 900.00 |
| 3/22/2010 | | $ 7,000.00 | | $ 7,000.00 |
| 3/22/2010 | $ 2,900.00 | | | $ 2,900.00 |
| 3/22/2010 | | | $ 9,800.00 | $ 9,800.00 |
| 3/22/2010 | $ 500.00 | | | $ 500.00 |
| 3/23/2010 | | | $ 6,000.00 | $ 6,000.00 |
| 3/24/2010 | | $ 7,000.00 | | $ 7,000.00 |
| 3/29/2010 | | | $ 9,800.00 | $ 9,800.00 |
| 4/5/2010 | $ 2,900.00 | | | $ 2,900.00 |
| 4/5/2010 | | | $ 7,000.00 | $ 7,000.00 |
| 4/19/2010 | $ 9,600.00 | | | $ 9,600.00 |
| 4/19/2010 | $ 7,000.00 | | | $ 7,000.00 |
| 4/19/2010 | | | $ 2,900.00 | $ 2,900.00 |
| 4/20/2010 | | $ 2,100.00 | | $ 2,100.00 |
| 4/20/2010 | $ 2,900.00 | | | $ 2,900.00 |
| 5/24/2010 | $ 200.00 | | | $ 200.00 |
| 5/24/2010 | $ 9,800.00 | | | $ 9,800.00 |
| Totals | $39,700.00 | $24,800.00 | $48,500.00 | $113,000.00 |

The total structured cash withdrawals, $113,000, is subject to seizure and forfeiture for violation of 31 U.S.C. § 5324(a)(1) and (3) as implemented by 31 C.F.R. Part 103 and pursuant to 31 U.S.C. § 5317(c)(2).

15. On June 3, 2010, during the execution of a search warrant at the residence of Muzaffar Hussain at 3863 Antonini Way in Pleasanton, California, Special Agents of the Internal Revenue Service located $66,000 in United States currency which later became defendant in this

Complaint for Forfeiture
No. C 10-                                   5

case. After being warned of his rights, Hussain consented to be interviewed by IRS Special Agents Randy Krueger and Julie Ryer. Hussain told the IRS Special Agents that he started his own health care company called Crossroads Home Health Care and Hospice, Inc., in 1990 and that he has been the sole owner. In addition, Hussain told the Special Agents that he started Sunshine Home Health Care, Inc., in 2001. Hussain stated that Crossroads and Sunshine are currently ongoing businesses and he has always been 100% owner of both.

16.     After counsel for Hussain, M. Alieu Iscandari, arrived at 3863 Antonini and in the presence of his counsel, Hussain admitted that defendant $66,000 was subject to seizure because its source was cash withdrawals from two Bank of America bank accounts – account X-06886 for Crossroads Home Healthcare & Hospice, Inc., and account X-10960 for Sunshine Home Healthcare, Inc. The IRS Special Agents did not ask Hussain about the third Bank of America account X-66596 because they were unaware of that account at the time of the interview and only discovered it later in reviewing documents obtained during the execution of the search warrant. Hussain also consented in writing to the seizure of defendant $66,000 in United States currency, without a seizure warrant, and consented to begin forfeiture proceedings pursuant to 31 U.S.C. § 5317(c)(2) of defendant $66,000 as property potentially involving a violation of 31 U.S.C. § 5324. Specifically, Hussain signed the following written consent:

> I, Muzaffar Hussain, state and agree as follows:
>
> 1. I was explained by Special Agents Randy Krueger and Julie Ryer the following federal law: Title 31 Section 5324(a), Structuring Transactions to Evade Reporting Requirement Prohibited – Domestic coin and currency transactions involving financial institutions. No person shall, for the purpose of evading the reporting requirements of Section 5313(a) or 5325 or any regulation prescribed under any such section, the reporting or recordkeeping requirements imposed by any order issued under section 5326, or the recordkeeping requirements imposed by any regulation prescribed under 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91-508 (1) Cause or attempt to cause a domestic financial institution to fail to file a report required . . . ; (3) Structure or assist in structuring, or attempt to structure or assist in structuring, any transaction with one or more domestic financial institutions.
>
> 2. I was explained by Special Agents Randy Krueger, Julie Ryer, and Juan Saavedra the following federal law pertaining to forfeiture: Title 31 Section 5317(c)(2) – Civil Forfeiture. Any property involved in violation [of] Section[s] 5313, 5316, or 5324 of this title, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy, may be seized and forfeited to the

Complaint for Forfeiture
No. C 10-                                        6

United States in accordance with the procedures governing civil forfeitures in money laundering cases pursuant to section 981(a)(1)(A) of Title 18, United States Code.

3. I understand that on June 3, 2010, during an execution of a Federal search warrant by the IRS-Criminal Investigation at 3863 Antonini Way, Pleasanton, California, Special Agents located $66,000.00 in U.S. currency.

4. I understand that the $66,000.00 in U.S. currency found at 3863 Antonini Way, Pleasanton, CA originated from cash withdrawals I made from:

- Crossroads Home Healthcare & Hospice, Inc. Bank of America account #[XXXXX]-04886 located in Pleasanton, California
- Sunshine Home Healthcare, Inc. Bank of America account #[XXXXX]-10960 located in Pleasanton, California

5. I informed Special Agents Randy Krueger and Julie Ryer that I was going to use the $66,000.00 in U.S. currency found at 3863 Antonini Way, Pleasanton, CA to pay for employees' salaries for Crossroads Home Healthcare & Hospice, Inc. and Sunshine Home Healthcare, Inc.

6. I give consent to Special Agents from the I.R.S. Criminal Investigation [to] seize the $66,000.00 in U.S. currency from 3863 Antonini Way, Pleasanton, CA without obtaining a Federal seizure warrant, to begin forfeiture proceedings pursuant to Title 31, 5317(c)(2) as property potentially involving a violation of Title 31, U.S.C. Section 5324(a), Structuring Transactions to Evade Reporting Requirement Prohibited – Domestic coin and currency transactions involving financial institutions.

| /s/ | 6/3/10 |
|---|---|
| Muzaffar Hussain | Date |
| /s/ | 6/3/10 |
| Randy Krueger, Special Agent | Date |
| /s/ | 6/3/10 |
| Juan Saavedra, Special Agent | Date |

17. During the interview on June 3, 2010, Special Agent Krueger asked about the source of defendant $66,000 in cash. Hussain said he plays "cat and mouse" with the payroll of his companies. Hussain stated that he takes cash out of the Crossroads or Sunshine bank accounts at Bank of America and keeps the cash at his residence. About one day before payroll, Hussain deposits cash, if needed, into the Crossroads or Sunshine bank accounts at Bank of America to cover the payroll checks just before the payroll is due, and usually makes several deposits the same day. When money comes into the Crossroads or Sunshine accounts, Hussain usually withdraws $6,000 to $7,000 at the time due to the threat of tax levies. Hussain stated that for all his companies, including Crossroads and Sunshine, he owes about $500,000 to $600,000 in taxes to the IRS.

Complaint for Forfeiture
No. C 10-                                         7

Hussain told the agents that he is aware of the rule requiring banks to file a form when the amount deposited or withdrawn is greater than $10,000. After providing this information to the Special Agents, Hussain signed the written consent quoted in paragraph 11.

### FIRST CAUSE OF ACTION

18. The United States incorporates by reference the allegations in paragraphs one through paragraph 17 as though fully set forth.

19. The withdrawals, as described above and set forth in paragraph 13, Table 1, violates 31 U.S.C. § 5324(a)(1) which prohibits any person with an intent to evade the reporting requirements of section 5313(a), or any regulation prescribed under that section, to cause or attempt to cause a domestic financial institution to fail to file a report required under section 5313(a) or any regulation prescribed under such section.

20. Property involved in a violation of 31 U.S.C. § 5324 or property involved in any conspiracy to commit such violation as well as any property traceable to such a violation, may be seized and forfeited to the United States pursuant to 31 U.S.C. § 3517(c)(2) in accordance with the procedures governing civil forfeitures in money laundering cases set forth in 18 U.S.C. § 981(a)(1)(A).

21. In light of the foregoing, defendant $66,000 in United States Currency is subject to seizure and judicial forfeiture pursuant to 31 U.S.C. § 5324 (a)(1), 31 U.S.C. § 3517(c)(2) and 18 U.S.C. § 984.

### SECOND CAUSE OF ACTION

22. The United States incorporates by reference the allegations in paragraphs one through paragraph 21 as though fully set forth.

23. The withdrawals, as described above and set forth in paragraph 13, Table 1, violate 31 U.S.C. § 5324(a)(3) which prohibits any person with an intent to evade the reporting requirements of section 5313(a), or any regulation prescribed under that section, from structuring or assisting in structuring, or attempting to structure or assisting in structuring, any transaction with one or more

///

Complaint for Forfeiture
No. C 10-                                                    8

domestic financial institutions as structuring is defined in the implementing regulation, 31 C.F.R. § 103.11(gg).

24.   Property involved in a violation of 31 U.S.C. § 5324 or property involved in any conspiracy to commit such violation as well as any property traceable to such a violation, may be seized and forfeited to the United States under 31 U.S.C. § 3517(c)(2) in accordance with the procedures governing civil forfeitures in money laundering cases pursuant to 18 U.S.C. § 981(a)(1)(A).

25.   In light of the foregoing, defendant $66,000 in United States Currency is subject to seizure and judicial forfeiture pursuant to 31 U.S.C. § 5324 (a)(3), 31 U.S.C. § 3517(c)(2) and 18 U.S.C. § 984.

\* \* \* \* \*

WHEREFORE, plaintiff United States of America requests that due process issue to enforce the forfeiture of defendant, that notice be given to all interested parties to appear and show cause why forfeiture should not be decreed, that judgment of forfeiture be entered and that plaintiff be awarded such other relief as may be proper and just.

Respectfully submitted,

MELINDA HAAG
United States Attorney

Dated: November 29, 2010

PATRICIA J. KENNEY
Assistant United States Attorney

Complaint for Forfeiture
No. C 10-                                                          9

## VERIFICATION

I, Special Agent Randy Krueger, state as follows:

1. I am a Special Agent with Internal Revenue Service Criminal Investigation. I am the case agent in connection with this case, and familiar with the facts, and the investigation leading to the filing of this Complaint for Forfeiture. The information in the Complaint is based on my personal knowledge and on information which came to me in the ordinary course of this investigation

2. I have read the Complaint for Forfeiture and believe the allegations contained in it to be true.

\* \* \* \* \*

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of November, 2010, in Walnut Creek, California.

RANDY KRUEGER
Special Agent
Internal Revenue Service Criminal Investigation
United States Department of the Treasury

Complaint for Forfeiture
No. C 10-                                                     10